1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9    Jalal Al Chair,                                  No. CV-25-03704-PHX-KML (JFM)

10              Petitioner,                            **ORDER**

11    v.

12    John Cantu, et al.,

13              Respondents.

14

15          Petitioner Jalal Al Chair filed a petition for writ of habeas corpus under § 2241 and

16    a motion for temporary restraining order and preliminary injunction. (Docs. 1-2.)

17    Respondents must show cause why the petition should not be granted.

18    **I.    Background**

19          In his petition, petitioner names Immigrations and Customs Enforcement ("ICE")

20    Phoenix Field Office Director John Cantu; United States Attorney General Pamela J.

21    Bondi; United States Department of Homeland Security Secretary Kristi Noem; ICE

22    Acting Director Todd Lyons; and Eloy Detention Center Warden Fred Figueroa as

23    respondents. Petitioner raises three claims for relief based upon the following facts.

24          Petitioner is a citizen of Syria and fled Syria for Venezuela in 2007, where he

25    remained until 2024, when he fled Venezuela for the United States. (Doc. 1 ¶ 15.)

26    Petitioner presented himself at the border and requested asylum. (*Id.* ¶ 24.) He passed a

27    credible fear interview and was detained by immigration authorities. (*Id.*) His applications

28    for asylum, withholding of removal, and protection under the Convention Against Torture

were denied and his order of removal became final on January 29, 2025, when neither petitioner nor DHS filed an appeal. (*Id.* ¶ 15.) The immigration judge ordered petitioner removed to Syria, with an alternate order of removal to Venezuela. (*Id.* ¶ 26.) Despite the finality of his order of removal, petitioner alleges "he is not aware of any significant efforts by ICE to secure travel documents for his removal to any country where he does not fear persecution or torture." (*Id.* ¶ 15.)

ICE met with petitioner five times to request his signature on Form I-229a "Warning for Failure to Depart." The first three times, Petitioner was not permitted to read the form before signing and petitioner refused. (*Id.* ¶ 28.) The fourth time, an ICE officer explained the form was used to assist in obtaining travel documents. (*Id.* ¶ 29.) He signed the form to assist in obtaining travel documents. At the fifth meeting, an ICE official requested petitioner's signature again on the Form I-229a, but for removal to either Turkey or Jordan. An ICE official indicated "they had obtained approval from both countries." Petitioner refused to sign that form because respondents have not provided him with an opportunity to assert his fear of persecution in either country. (*Id.* ¶ 30.) Petitioner explains he is a member of a religious minority—Druze—and he believes he will face persecution or torture as a result. (*Id.* ¶ 50.)

Petitioner therefore argues his detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment because there is no reasonable probability of his removal in the reasonably foreseeable future. (Doc. 1 at 31-32.) Petitioner further argues his detention pending removal to any third country violates his due process rights because he has not received proper notice of the proposed third country or an opportunity to request relief from removal to that country. (*Id.* at 33-34.) Petitioner seeks a temporary restraining order and preliminary injunction directing his immediate release from detention. (Doc. 3.)

## II.    Order to Show Cause

The Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). To avoid constitutional concerns, 8 U.S.C. § 1231(a)(6) does not allow for detention beyond "a period reasonably necessary

to secure removal." *Id.* at 699. Six months is a presumptively reasonable period, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must respond by either rebutting that showing or releasing the alien. *Id.* at 701; *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021). The "six-month presumption" "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's post-removal order detention began on January 29, 2025, and has now exceeded the threshold identified in *Zadvydas* as presumptively prolonged. Thus, the burden shifts to the respondents to establish it is likely petitioner will be removed in the reasonably foreseeable future. Because the United States does not maintain diplomatic relations with Syria, ICE has taken no action to remove him to Venezuela, and petitioner has not been provided an opportunity to express a fear of persecution to either Turkey or Jordan, respondents must show cause why the petition should not be granted. Respondents' response must be supported by documentary evidence and, if applicable, affidavits signed under the penalty of perjury.

**IT IS ORDERED:**

(1)     Counsel for petitioner must immediately serve the petition upon respondents.

(2)     If not already issued, the clerk's office must issue any properly completed summonses.

(3)     The clerk of court must immediately transmit by email a copy of this order and a copy of the petition (Docs. 1) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(4)     Respondents must show cause no later than **October 15, 2025** why the petition should not be granted. In addition to addressing the merits of petitioner's *Zadvydas* claim, respondents must address: 1) if petitioner is ordered release based on his *Zadvydas*

- 3 -

claim, whether he would be entitled to a hearing before an immigration judge prior to any future re-detention (Doc. 1 at 35); and 2) whether petitioner is a member of the class in *D.V.D. v. Dep't of Homeland Sec.*, No. 25-cv-10676 (D. Mass. 2025) such that petitioner's request for certain procedures before being removed to any country other than Venezuela can be resolved in the *D.V.D.* proceeding. Petitioner may file a reply addressing the merits and the two issues identified above no later than **October 22, 2025**.

(5)     The Motion for Temporary Restraining Order (Doc. 2) is **STRICKEN** based on its failure to comply with the page limits established by Local Rule 7.2(e).

Dated this 8th day of October, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**